IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| INTERNATIONAL ASSOCIATION )<br>OF MACHINISTS AND )<br>AEROSPACE WORKERS, )<br>DISTRICT LODGE 141, )<br> )<br>        Plaintiff, )<br> )<br>    vs. )<br> )<br>HAWAIIAN AIRLINES, )<br> )<br>        Defendant. )<br>_____ ) | CV. NO. 09-00275 DAE-BMK |

ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; AND (2) DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

On November 8, 2010, the Court heard the parties' motions.  Ira L.

Gottlieb, Esq., and Stefan M. Reinke, Esq., appeared at the hearing on behalf of

Plaintiff; William N. Ota, Esq., and Mark Arimoto, Esq., appeared at the hearing

on behalf of Defendant.  After reviewing the motion and the supporting and

opposing memoranda, the Court **GRANTS** Plaintiff's Motion for Summary

Judgment (Doc. # 32) and **DENIES** Defendant's Motion for Summary Judgment

(Doc. # 33).  The Court **VACATES** the Arbitrator's Supplemental Decision and

**REMANDS** to the Arbitrator for clarification and interpretation of his original

decision in a manner consistent with this Order.

<u>BACKGROUND</u>

This action arises out of a supplemental arbitration decision

("Supplemental Decision") based upon a labor grievance between the International

Association of Machinists and Aerospace Workers District Lodge 141 (the

"Union") and Hawaiian Airlines, Inc. ("HAL"), regarding the termination of

Bradley Asuncion's ("Asuncion") employment with HAL.  The Court finds that no

facts material to the disposition of this action are in dispute.

On or about October 9, 2008, the parties participated in an arbitration

regarding the termination of Union member Asuncion.  (Compl. ¶ 5, Ex. B at 1.)

Pursuant to an agreement between the parties, Arbitrator Lou Chang ("Arbitrator

Chang") presided over the arbitration in lieu of the System Board of Adjustment

provided for in the parties' collective bargaining agreement ("CBA").  (<u>Id.</u>)

Asuncion, a part-time ramp agent at the Honolulu Station, was

discharged for breaching a "last chance" drug rehabilitation agreement with HAL.

(Compl., Ex. B at 4-6.)  The Union contended that the termination was not

supported by "just cause" under the applicable collective bargaining agreement

("CBA").  (<u>Id.</u> at 6.)

2

Arbitrator Chang stated the issues to be determined as follows:

1.      Was the termination discipline imposed upon Grievant in accordance with the CBA or applicable agreements between the parties?

2.      If not, what is the appropriate remedy?

(Id. at 2.)  Following the arbitration hearing, Arbitrator Chang issued a decision ("Decision") sustaining the grievance, finding no "just cause" for termination, ordering Asuncion to be "promptly reinstated" with back pay, and requiring Asuncion to pass a Return to Duty drug test and sign a Return to Duty Agreement with unannounced follow-up drug testing for up to 60 months from the date of his return to duty.  (Id. at 11.)  Arbitrator Chang expressly "retain[ed] jurisdiction to address issues relating to the interpretation and implementation" of the Decision.

HAL subsequently provided Asuncion the awarded back pay and attempted to return Asuncion to duty.  (Doc. # 32, Ex. C; id., Declaration of Brad Asuncion ¶¶ 5-6.)  Asuncion, however, for reasons disputed between the parties, was not or could not be fully responsive to HAL's efforts towards reinstatement; Asuncion's communications with HAL were not always consistent, and he did not obtain the security clearance that he needed to return to work at the Honolulu Airport.  During this time, Asuncion repeatedly informed HAL that he had medical

issues and that his uncle had passed away thereby delaying his return to active duty.

Due to Asuncion's failure to return to active duty as anticipated by HAL, HAL requested a conference call with Arbitrator Chang and the Union. During the call, the Union representative allegedly could not speak for or bind the Union. This call, and the supplemental briefing later provided by HAL only, resulted in the Arbitrator's Supplemental Decision which is now challenged by the Union. (Id., Ex. C.) The facts as to how this call was initiated and the Union's involvement in the call or its ability to be afforded due process prior to the Arbitrator's issuance of its Supplemental Decision are in dispute.

Arbitrator Chang's Supplemental Decision found as follows:

An issue has arisen regarding Grievant's failure to promptly respond and perform steps required to commence reinstate[ment] with Employer.

[ . . . findings of fact based upon the telephone call and the written submission of HAL . . . ] The parties were requested to submit information to the Arbitrator regarding Employer's position that Employer ha[d] made reasonable and sufficient efforts to reinstate Grievant and that Greivant by his failure to perform the steps and to take the actions necessary to return to work ha[d] lost any right to reinstatement.

Pursuant to the jurisdiction retained by the Arbitrator to address issues related to implementation of the Arbitrator's Decision of January 12, 2009, the Arbitrator finds and concludes that the Employer has made reasonable and sufficient efforts to reinstate Grievant. Grievant by his inaction over a two and a half month period; his failure to take the necessary steps to

4

> perform the actions required to complete the process of obtaining the requisite security badge and his failure to report back to work, has failed to diligently cooperate in the process of becoming reinstated.  Grievant, by his conduct has demonstrated a lack of interest in being reinstated and is deemed to have forfeited any right to reinstatement.  Employer has satisfied its obligations under the Arbitrator's Decision to attempt to reinstate and is no longer obligated to take further action regarding reinstatement of the Grievant.

(Id..)

On June 16, 2009, Plaintiff filed a Complaint with this Court to vacate the Supplemental Arbitration Award.  (Compl., Doc. # 1.)  On July 29, 2009, Defendant filed an Answer and Counterclaim.  (Countercl., Doc. # 11.)  On June 21, 2010, Plaintiff filed its Motion for Summary Judgment ("Plaintiff's MSJ") ("PMSJ," Doc. # 32) and a Concise Statement of Facts in support ("PCSF," Doc. # 32-16).  On the same day, Defendant filed a Motion for Summary Judgment ("Defendant's MSJ") ("DMSJ," Doc. # 33) and a Concise Statement of Facts in support (Doc. # 34).  On June 25, 2010, Plaintiffs filed an Errata to its MSJ and correction in the Declaration of Randy J. Kauhane.  (Doc. # 37.)  On August 16, 2010, Plaintiff filed its Opposition to Defendant's MSJ ("Opp'n to DMSJ," Doc. # 45) and a Concise Counter Statement in Opposition ("PCCSF," Doc. # 45-3).  On the same day, Defendant filed its Opposition to Plaintiff's MSJ ("Opp'n to PMSJ," Doc. # 46) and a Concise Counter Statement in Opposition ("DCCSF," Doc. # 47).

On August 30, 2010, Plaintiff filed a Reply in support of its MSJ.  ("Pl. Reply,"

Doc. # 48.)  On the same day, Defendant filed a Reply in support of its MSJ.

("Def. Reply," Doc. # 49.)

<u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure ("Rule") 56 requires summary

judgment to be granted when "the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c); <u>see</u> <u>also</u> <u>Porter v. Cal. Dep't of Corr.</u>, 419 F.3d 885, 891 (9th Cir. 2005);

<u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000).  A main purpose

of summary judgment is to dispose of factually unsupported claims and defenses.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to

demonstrate facts to establish what will be an essential element at trial.  <u>See</u> <u>id.</u> at

323.  The burden initially falls upon the moving party to identify for the court

those "portions of the materials on file that it believes demonstrate the absence of

any genuine issue of material fact."  <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors</u>

<u>Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (citing <u>Celotex Corp.</u>, 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party. The nonmoving party's evidence must be taken as true. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 632 (9th Cir. 1987) (internal citations omitted).

However, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment. Instead, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. Id. at 630 (citation omitted) (emphasis added). The opponent "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the factual context makes the non-moving party's claim or defense implausible, the party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue of trial. Id. at 587.

7

DISCUSSION

The instant action is brought pursuant to the Railway Labor Act

("RLA"), 45 U.S.C. § 151, et seq.  The Union seeks to vacate the supplemental

decision  on the grounds that Arbitrator Chang allegedly exceeded his jurisdiction

and denied the Union due process of law.   HAL disputes these contentions and

seeks to confirm the supplemental decision as an allegedly valid and enforceable

exercise of Arbitrator Chang's "residual jurisdiction" over the grievance.

Specifically, Plaintiff argues that Arbitrator Chang's Supplemental

Decision is invalid for three reasons: (1) HAL's request for modification or

correction was untimely; (2) the Arbitrator lacked jurisdiction or authority to

revisit his Decision; and (3) the Supplemental Decision violated due process of

law.  (See PMSJ.)  The Court first addresses Arbitrator Chang's authority and

jurisdiction to issue the Supplemental Decision.

I.      Scope of the Supplemental Decision

Pursuant to 45 U.S.C. § 153 First (q), the findings and order of the

Adjustment Board shall be conclusive on the parties, except for: (1) failure of the

Adjustment Board  to comply with the requirements of the RLA; (2) failure of the

order to conform, or confine itself, to matters within the scope of the Adjustment

Board's jurisdiction; or (3) for fraud or corruption by a member of the Adjustment

8

Board making the order.  Union Pacific R. Co. v. Brotherhood of Locomotive
Engineers, 130 S. Ct. 584, 592-93 (2009).  The Ninth Circuit has also found that "a
constitutional challenge constitutes an independent ground, in addition to the three
expressly stated in section 153 First (q), upon which a federal court has jurisdiction
to review decisions of a system adjustment board."  Edelman v. Western Airlines,
Inc., 892 F.2d 839, 847 (9th Cir. 1989).

        Accordingly, review of an arbitration award is limited.  "Plenary
review of the merits of an arbitration award would undermine the federal policy of
settling labor disputes by arbitration."  McClatchy Newspapers v. Central Valley
Typographical Union No. 46, 686 F.2d 731, 733 (9th Cir. 1982) (citing United
Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596
(1960)).   Nevertheless, a court may determine whether the parties "'agree(d) to
give the arbitrator the power to make the award he made,' and whether the award
drew its essence from the agreement submitted for arbitration."  Id. (quoting
United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574,
582 (1960) (alteration in original)).

        Here, the Union argues that Arbitrator Chang became "functus
officio"—without further authority to act—once he made his Decision and
therefore the Supplemental Decision was outside of the scope of his authority to

arbitrate the initial grievance. (PMSJ at 17.) The principle of functus officio has

been examined by the Ninth Circuit as follows:

> [i]t is (a) fundamental common law principle that once an arbitrator
> has made and published a final award his authority is exhausted and
> he is functus officio and can do nothing more in regard to the subject
> matter of the arbitration. The policy which lies behind this is an
> unwillingness to permit one who is not a judicial officer and who acts
> informally and sporadically, to re-examine a final decision which he
> has already rendered, because of the potential evil of outside
> communication and unilateral influence which might affect a new
> conclusion. The continuity of judicial office and the tradition which
> surrounds judicial conduct is lacking in the isolated activity of an
> arbitrator, although even here the vast increase in the arbitration of
> labor disputes has created the office of the specialized professional
> arbitrator.

McClatchy, 686 F.2d at 734 (quoting La Vale Plaza, Inc. v. R.S. Noonan, Inc., 378

F.2d 569, 572 (3d Cir. 1967) (second alteration in original). The Ninth Circuit has

explained, however, that the finality of an arbitration award has limitations:

> It has been recognized in common law arbitration that an arbitrator
> can correct a mistake which is apparent on the face of his award,
> complete an arbitration if the award is not complete, and clarify an
> ambiguity in the award. Remand to an arbitrator for clarification and
> interpretation is not unusual in judicial enforcement proceedings.
> Recommitting an issue to an arbitrator for clarification and
> interpretation does not effectuate an appeal to the arbitrator, a new
> trial, or an opportunity to relitigate the issue. None of these situations
> are within the policy which forbids an arbitrator to redetermine an
> issue which he has already decided.

Id. at 734 n.1 (internal citations, quotations, and marks omitted); see also

International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of

America, AFL-CIO, Local 631 v. Silver State Disposal Service, Inc., ("Silver

State"), 109 F.3d 1409, 1411 (9th Cir. 1997).

As to the scope of the Arbitrator's authority to clarify and interpret,

the Ninth Circuit has found:

> While we uphold arbitration awards that are a plausible interpretation
> of the collective bargaining agreement, we will not enforce awards
> exceeding the arbitrator's authority.  Arbitrators have broad powers to
> fashion appropriate remedies on submitted issues, but they have no
> authority to decide issues not submitted by the parties[.]  The
> arbitrator properly retained jurisdiction to decide disputes arising in
> the administration of the award.  However, that jurisdiction did not
> extend to deciding the merits of grievances not submitted to him.

Hughes Aircraft Co. v. Electronic & Space Technicians, Local 1553, 822 F.2d 823,

826-827 (9th Cir. 1987) (internal citations omitted); see also Hanford Atomic

Metal Trades Council, AFL-CIO v. General Electric Co., 353 F.2d 302, 307-08

(9th Cir. 1966) (citing United Steel Workers of America v. American

Manufacturing Co., 363 U.S. 564 (1960) (clarification was a task "to be first

performed by the arbitration committee and not the court, and that the court

properly remanded the matter to the arbitration committee for such clarification

and interpretation.")).  The Ninth Circuit has also found that arbitrators do not have

authority to revisit or reopen decisions once rendered.  McClatchy, 686 F.2d at 734 ("Even assuming the availability of new evidence, it would not be appropriate for the arbitrator to consider such evidence and then redetermine the issues originally submitted to him.").

This Court's determination of whether Arbitrator Chang exceeded his authority in issuing the Supplemental Decision requires analyzing whether under Ninth Circuit case law the Supplemental Decision can be said to be: (1) interpreting, clarifying or completing his prior Decision; (2) redetermining the issues originally submitted to him; or (3) deciding the merits of grievances not submitted to him.

As to what constitutes clarification of a decision, the Ninth Circuit has approvingly cited the Fifth Circuit in Iron Workers Local No. 272 v. Bowen, which held that the district court did not err when it considered an arbitrator's clarification of an ambiguity in an award:

> [T]he arbitrator did not alter his decision at all; he merely explained what he did and did not mean by it. And if such an explanation is necessary, the arbitrator is ordinarily required to provide it.

Silver State, 109 F.3d at 1411 (citing Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1264 (5th Cir. 1980)) (emphasis in original).  Further as to

interpretation of a decision, the Seventh Circuit has explained that post-decision

events may create a situation that require interpretation by an arbitrator:

> Arbitrators are no more infallible than judges. They make mistakes
> and overlook contingencies and leave much to implication and
> assumption . . . . The arbitration award says that [the employee] has 60
> days to complete a rehabilitation program. Period. But many
> drug-rehabilitation programs have long waiting lists. What if [the
> employee] had applied to the company-approved program the day
> after the award was rendered, had been put on a waiting list, and as a
> result could not have completed the program within 60 days of the
> date of the order? What if through no fault of his own he had broken
> his leg in the middle of the program and had had to withdraw?

Glass, Molders, Pottery, Plastics and Allied Workers Intern. Union, AFL-CIO,

CLC, Local 182B v. Excelsior Foundry Co., ("Excelsior Foundry"), 56 F.3d 844,

847 (7th Cir. 1995).  The Seventh Circuit found that post-decision events may raise

questions that invite the arbitrator to interpret what it is he has already determined,

i.e., if he intended the deadline to be firm or if contingencies were allowable and

therefore did not constitute an alteration of the previous award.  Id.  As the court

stated, "[a]n award that fails to address a contingency that has arisen after the

award was made is incomplete; alternatively, it is unclear; either way, it is within

an exception to the [functus officio] doctrine."  Id.

Conversely, in Hughes, the Ninth Circuit found that an arbitrator's

decision based on post-decision events exceeded his authority:

The only issue submitted for arbitration by the parties was whether [the employee's] promotion from assembler to shipping clerk B violated the Agreement.  Local 1553 requested a clarification when Hughes refused to demote [the employee] back to assembler.  However, Hughes had promoted [the employee] twice since his promotion to shipping clerk B.  These subsequent promotions are the subject of other independent pending grievances.  As such, resolution of the subsequent promotions' merits was not before the arbitrator.  The arbitrator's authority was limited to resolving the issue of [the employee's] initial promotion, and not to subsequent events. We therefore agree with the district court that the arbitrator exceeded his authority in the clarification award.

Hughes, 822 F.2d at 827 (internal citations omitted).  In McClatchy, the Ninth Circuit also approved the district court's decision to uphold an arbitrator's refusal to reopen proceedings based upon newly-discovered evidence.  McClatchy, 686 F.2d at 734.[1]

        In this case, Arbitrator Chang's purported clarification and implementation of the award went beyond the scope of his authority to decide the initial grievance placed before him.  The Supplemental Decision went beyond advising the parties as to what Arbitrator Chang intended the original Decision to mean regarding the procedures to be followed by the parties or the limitations as to HAL's responsibility to promptly reinstate Asuncion.  Instead, the Supplemental

---

        [1] McClatchy involved whether the arbitrator acted within the authority conferred upon him by the parties based upon the arbitrator's refusal to reopen the record in order to consider new evidence as to his original decision.  McClatchy, 686 F.2d at 733-34.

Decision made post-Decision findings of fact as to Asuncion and HAL's actions

and affirmatively made a determination on the new issue of whether Asuncion's

actions caused him to forfeit his right to reinstatement:

> Pursuant to the jurisdiction retained by the Arbitrator to address issues related to implementation of the Arbitrator's Decision of January 12, 2009, the Arbitrator finds and concludes that the Employer has made reasonable and sufficient efforts to reinstate Grievant.  <u>Grievant by his inaction over a two and a half month period; his failure to take the necessary steps to perform the actions required to complete the process of obtaining the requisite security badge and his failure to report back to work, has failed to diligently cooperate in the process of becoming reinstated.  Grievant, by his conduct has demonstrated a lack of interest in being reinstated and is deemed to have forfeited any right to reinstatement.</u>  Employer has satisfied its obligations under the Arbitrator's Decision to attempt to reinstate and is no longer obligated to take further action regarding reinstatement of the Grievant.

(Compl., Ex. C.)  Arbitrator Chang did not have the authority to determine a post-

Decision matter of job abandonment or failure to satisfy conditions for

reinstatement.  Addressing such collateral issues necessitated a decision on the

merits of grievances not submitted to him and did not constitute interpretation,

clarification or completion of his prior Decision.

> Although post-decision events may raise a question to be interpreted

or clarified as explained in <u>Excelsior Foundry,</u> these events may not raise a new

issue on which the Arbitrator must decide the merits and still remain within the

scope of interpretation or clarification.  As one court aptly stated:

> These awards often impose upon the parties the need to take
> additional actions, which, in turn, give rise to new disputes.  The
> implementation of these awards may constitute new grievances which
> can be remedied only by resort to the established grievance procedure.

United Papermakers v. Westvaco Corp., 461 F. Supp. 1022, 1024 (W.D. Va. 1978).

 This Court agrees that "[i]t is crucial to distinguish between disputes arising from

the application of the award and those which concern the interpretation of an

award." Id. at 1025.  Here, the Supplemental Decision determines a dispute arising

from the application of the award and is not solely limited to the award's

interpretation.  The Seventh Circuit's decision in Excelsior Foundry is not

contradictory because the court did not go so far as to find that the arbitrator could

weigh the employer's and employee's post-decision actions and make a

determination as to the appropriateness of those actions and what subsequent

awards must be made.

In the face of the post-Decision events in this case, HAL could have

requested that the Arbitrator clarify what "promptly reinstating" Asuncion entailed

in order to discharge its obligation as contemplated in the original Decision.  In the

alternative, HAL could have refused to rehire Asuncion for failure to take

sufficient action to obtain reinstatement thereby allowing the Union or Asuncion to

respond with the appropriate grievance procedure.

HAL's citation to allegedly similar cases in which courts have upheld

an arbitrator's authority to issue a supplemental decision based on post-decision

events is unavailing as none of the cases cited required the arbitrator to pass

judgment on new issues—such as whether the original award was forfeited—raised

by those events.  See Silver State, 109 F.3d at 1412 (arbitrator appropriately added

"conventional remedy" of backpay to original decision reinstating fired employee

and imposing three-day suspension without pay because original award was

incomplete); Courier-Citizen Co. v. Boston Electrotypers Union No. 11, 702 F.2d

273, 278-80 (1st Cir. 1983) (arbitrator appropriately reopened proceeding to

identify employee to be made whole and specify amount of backpay because

original award was incomplete); Excelsior Foundry, 56 F.3d 844, 848 ( arbitrator's

supplemental decisions that identified party responsible for cost of arbitrator-

ordered rehabilitation program and when the time period in which the employee

must have completed the program was to commence were appropriate within the

clarification-completion exception).   These cases demonstrate contingencies that

required interpreting, clarifying or completing an original award but did not

impose new sanction outside the scope of the original grievance.  Here, the original grievance was limited to whether Asuncion's original termination discipline was imposed in accordance with the CBA or applicable agreements between the parties and if not, what was the appropriate remedy.

HAL further asserts that resubmission of an issue such as the one in this case to the original arbitrator is appropriate based on the Ninth Circuit's decision in Hanford Atomic Metal Trades Council, AFL-CIO v. General Electric Co., 353 F.2d 302 (9th Cir. 1966).  However, in Hanford, the Ninth Circuit simply addressed clarification and interpretation of the meaning of an award, not whether the prevailing party had lost its right to it based upon unrelated post-decision actions.  Hanford demonstrates the principle that arbitrators are not infallible and may leave provisions necessary to their decisions unclear or absent as will be brought to light by post-decision events.  Hanford, however, does not stand for the proposition that post-decision events may form the basis for a new, albeit related, issue to be decided by an arbitrator as supplemental to his original decision. Although an issue submitted to arbitration should be completely resolved, ultimately, the arbitrator cannot go beyond clarification, interpretation, or completion or he risks reopening his original decision or deciding an issue not properly before him.

In his Decision, Arbitrator Chang ordered Asuncion reinstated and required him to fulfill two conditions, which it is not argued that he violated.  In his Supplemental Decision, Arbitrator Chang then imposed new discipline on Asuncion based on what he allegedly failed to do, which was beyond the scope of the issue before him and possibly in violation of the CBA's substantive and procedural protections.  Here, what Asuncion allegedly failed to do was a new dispute arising from the application of the award, not an issue for the arbitrator to decide in interpreting the award.  Arbitrator Chang did not merely clarify as to the original Decision what was required of HAL or what was necessarily required of Asuncion as a condition to reinstatement, instead, he affirmatively found based on post-Decision events that Asuncion had forfeited his right to reinstatement.  This was a decision on the merits of grievances not submitted to him that entailed fact finding and credibility determinations on the evidence.

This decision does not deprive HAL of a remedy.  HAL can take such action as is appropriate against Asuncion for his failure to report to work or obtain necessary clearance.  Asuncion is not rendered immune from discipline for actions he took or failed to take post-arbitration, however, the proper procedures must be followed.

19

II.     Timeliness and Due Process

        Because the Court finds that the Supplemental Decision exceeded the scope of Arbitrator Chang's authority to provide a determination as to Asuncion's original grievance, the Court does not reach the merits of either Plaintiff's timeliness or due process arguments.

CONCLUSION

        For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Doc. # 32) and **DENIES** Defendant's Motion for Summary Judgment (Doc. # 33).  The Court **VACATES** the Arbitrator's Supplemental Decision and **REMANDS** to the Arbitrator for clarification and interpretation of his original Decision in a manner consistent with this Order.  After Arbitrator Chang has clarified his Decision, HAL may take any new employment action that it deems appropriate and the Union and Asuncion may institute a new grievance procedure should they feel such an action is warranted.

The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff on the Complaint and Counterclaim.  Plaintiff may file a separate motion as to attorneys' fees.


IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, November 9, 2010.



_____
David Alan Ezra
United States District Judge


Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge 141 vs. Hawaiian Airlines, Cv. No. 09-00275 DAE-BMK; ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT