IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE, 141,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN AIRLINES, INC.,<br><br>Defendant. | Civ. No. 09-00275 DAE-BMK<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE, 141'S MOTION FOR ATTORNEYS' FEES BE DENIED |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE, 141'S MOTION FOR ATTORNEYS' FEES BE DENIED

Before the Court is Plaintiff International Association of Machinists and Aerospace Workers, District Lodge 141's (the "Union") Motion for Attorneys' Fees. (Doc. # 57.) Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing. After careful consideration of the motion, the supporting memoranda, and the attached documentation, the Court FINDS and RECOMMENDS that the Union's Motion for Attorneys' Fees be DENIED.

BACKGROUND

The following facts were obtained from District Judge David Alan Ezra's order issued November 9, 2010. (Doc. # 51.) The Court repeats the background facts only as is necessary for a decision on the instant motion in the discussion section below. This action arises out of a supplemental arbitration decision ("supplemental decision") based upon a labor grievance between the Union and Defendant Hawaiian Airlines, Inc. ("HAL") regarding the termination of Union member, Bradley Asuncion's ("Asuncion") employment with HAL. (Order at 2.) On or about October 9, 2008, the parties participated in an arbitration regarding Asuncion's termination. (Id. at 2.) Asuncion, a part-time ramp agent, was discharged for breaching a "last chance" drug rehabilitation agreement with HAL. (Id.) The Union contended that the discharge was not supported by "just cause" under the applicable collective bargaining agreement (the "CBA"). (Id.) By agreement of the parties, Arbitrator Lou Chang (the "Arbitrator") presided over the arbitration in lieu of the System Board of Adjustment provided for in the CBA. (Id.) Following the arbitration hearing, the Arbitrator issued a decision (the "decision") sustaining the grievance, finding no "just cause" for termination. (Id. at 3.) The Arbitrator ordered Asuncion to be "promptly reinstated" with back pay and required him to pass a Return to Duty drug test and sign a Return to Duty Agreement. (Id. at 3.) The Arbitrator expressly "retain[ed] jurisdiction to address

issues relating to the interpretation and implementation" of the decision. (Id.)

HAL subsequently provided Asuncion the awarded back pay and attempted to return him to duty. (Id.) However, for reasons disputed between the parties, Asuncion failed to return to active duty, and as a result, HAL requested a conference call with the Arbitrator and the Union. (Id. at 3-4.) During the call, the Union representative allegedly could not speak for or bind the Union. (Id. at 4.) This call, and the supplemental briefing later provided by HAL only, resulted in the Arbitrator's supplemental decision, which is the subject of the instant action. (Id.)

The supplemental decision noted that "[a]n issue ha[d] arisen regarding [Asuncion's] failure to promptly respond and perform steps required to commence reinstate[ment] with [HAL]." (Id.) The supplemental decision noted that "[t]he parties were requested to submit information to the Arbitrator regarding [HAL's] position that [HAL] ha[d] made reasonable and sufficient efforts to reinstate [Asuncion] and that [Asuncion] by his failure to perform the steps and to take the actions necessary to return to work ha[d] lost any right to reinstatement." (Id.) The supplemental decision held:

> Pursuant to the jurisdiction retained by the Arbitrator to address
> issues related to implementation of the Arbitrator's [d]ecision
> of January 12, 2009, the Arbitrator finds and concludes that
> [HAL] has made reasonable and sufficient efforts to reinstate

3

> [Asuncion]. [Asuncion] by his inaction over a two and a half month period; his failure to take the necessary steps to perform the actions required to complete the process of obtaining the requisite security badge and his failure to report back to work, has failed to diligently cooperate in the process of becoming reinstated. [Asuncion], by his conduct has demonstrated a lack of interest in being reinstated and is deemed to have forfeited any right to reinstatement. [HAL] has satisfied its obligations under the Arbitrator's [d]ecision to attempt to reinstate and is no longer obligated to take further action regarding reinstatement of [Asuncion].

(Id. at 4-5.)

On June 16, 2009, the Union filed a complaint with the Court to vacate the supplemental decision pursuant to the Railway Labor Act ("RLA), 45 U.S.C. § 151, et seq. (Doc. # 1; Order at 5, 8.) HAL filed an answer and counterclaim on July 29, 2009. (Doc. # 11.) On June 21, 2010, the parties filed cross-motions for summary judgment. (Docs. ## 32, 33.) The Union sought to vacate the supplemental decision on the grounds that (1) the Arbitrator exceeded his jurisdiction or authority to revisit his decision, (2) the supplemental decision violated due process of law, and (3) HAL's request for modification or correction was untimely. (Order at 8.) HAL disputed the Union's contentions and sought to confirm the supplemental decision on the ground that it was a valid and enforceable exercise of the Arbitrator's "residual jurisdiction" over the grievance. (Id.)

District Judge David Alan Ezra heard the parties' cross-motions for summary judgment on November 8, 2010, and the following day, he issued his order. (Id. at 1.) In his order, Judge Ezra first addressed whether the Arbitrator exceeded his jurisdiction or authority to issue the supplemental decision. (Id. at 8.) Judge Ezra noted that pursuant to 45 U.S.C. § 153 First (q), the findings and order of the Adjustment Board shall be conclusive on the parties, except for: (1) failure of the Adjustment Board to comply with the requirements of the RLA; (2) failure of the order to conform, or confine itself, to matters within the scope of the Adjustment Board's jurisdiction; or (3) for fraud or corruption by a member of the Adjustment Board making the order. (Order at 8-9 (citing Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs, --- U.S. ---, 130 S. Ct. 584, 592-93 (2009).) Judge Ezra noted that in addition to the foregoing, the Ninth Circuit has found that "a constitutional challenge constitutes an independent ground . . . upon which a federal court has jurisdiction to review decisions of a system adjustment board." (Id. at 9 (quoting Edelman v. W. Airlines, Inc., 892 F.2d 839, 847 (9th Cir. 1989) (quotation marks omitted).)

Judge Ezra noted that, in this case, the Union argued that the Arbitrator "became 'functus officio'–without further authority to act–once he made his [d]ecision and therefore the [s]upplemental [d]ecision was outside of the scope

5

of his authority to arbitrate the initial grievance." (Id. at 9-10.) Judge Ezra noted that in determining whether the Arbitrator exceeded his authority in issuing the supplemental decision, the Court must determine whether the supplemental decision (1) interprets, clarifies, or completes the decision, or (2) redetermines the issues originally submitted to him or decides the merits of grievances not submitted to him. (Id. at 12.) Judge Ezra noted that it is within the Arbitrator's authority to do the former, but not the latter. (See id. at 10-14.)

Judge Ezra held that here, the Arbitrator's "purported clarification and implementation of the award went beyond the scope of his authority to decide the initial grievance placed before him." (Id. at 14.) Judge Ezra noted that "the original grievance was limited to whether Asuncion's original termination discipline was imposed in accordance with the CBA or applicable agreements between the parties and if not, what was the appropriate remedy." (Id. at 18.) Judge Ezra noted that the supplemental decision, however, "went beyond advising the parties as to what [the Arbitrator] intended the original [d]ecision to mean regarding the procedures to be followed by the parties or the limitations as to HAL's responsibility to promptly reinstate Asuncion." (Id. at 14.) Judge Ezra noted that the supplemental decision "made post-[d]ecision findings of fact as to Asuncion's and HAL's actions and affirmatively made a determination on the new

6

issue of whether Asuncion's actions caused him to forfeit his right to reinstatement." (Id. at 14-15.) Judge Ezra concluded that "[a]ddressing such collateral issues necessitated a decision on the merits of grievances not submitted to [the Arbitrator] and did not constitute interpretation, clarification or completion of his prior [d]ecision." (Id. at 15.) Because Judge Ezra concluded that the supplemental decision exceeded the Arbitrator's authority to decide the original grievance, he did not reach the merits of the Union's due process or timeliness arguments. (Id. at 20.)

Based on the foregoing, Judge Ezra granted the Union's motion for summary judgment and denied HAL's motion for summary judgment. (Id. at 1, 20.) As such, he vacated the Arbitrator's supplemental decision and remanded the case to the Arbitrator for clarification and interpretation of his decision. (Id. at 1-2, 20.) On November 10, 2010 and November 12, 2010, judgement and an amended judgment were entered, respectively. (Docs. ## 52, 53.) The Union now moves for an award of attorneys' fees and non-taxable costs. (Doc. # 57.)

## DISCUSSION

A.  <u>Attorneys' Fees</u>

"With respect to the issue of attorney's fees, ordinarily, the prevailing party may not be awarded attorney's fees absent statutory authority or an

enforceable contract." Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1391 (9th Cir. 1985) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975)); see also Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc., 707 F.2d 425, 428 (9th Cir. 1983) ("Under the American rule, absent contractual or statutory authorization, a prevailing litigant ordinarily may not collect attorneys' fees.") (citation omitted). In this case, the Union contends it is entitled to an award of attorney's fees under 42 U.S.C. § 1988, the RLA, and Hawaii public policy. (Mem. in Supp. of Mot. at 6-11; see also Reply at 2-9.) The Court addresses each in turn.

1. 42 U.S.C. § 1988

The Union contends it is entitled to an award of attorneys' fees under 42 U.S.C. § 1988 based on its claim that the supplemental decision violated due process of law. (Mem. in Supp. of Mot. at 6-8.) The Union argues that although Judge Ezra did not reach the merits of its due process claim, the Ninth Circuit has held that "even unadjudicated claims can support an award of attorneys' fees under § 1988 as long as those claims are substantial and were not alleged solely to support the fee award." (Id. at 8 (quoting Native Vill. of Venetie IRA Council v. Alaska, 155 F.3d 1150, 1152 (9th Cir. 1998) (quotation marks omitted).)

Section 1988 provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988(b). The Union contends that its claim for violation of due process falls within the ambit of § 1983. (See Reply at 3-7.) This section states:

> Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

The Court, however, notes that the Union never asserted a § 1983 claim. Furthermore, even if the Court were to interpret the Union's due process claim as alleging a deprivation of a constitutional right, privilege, or immunity, claims brought pursuant to § 1983 require that the defendant have acted under color of state law. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (citation omitted); see also Jensen v. Lane Cnty., 222 F.3d 570, 574 (9th Cir. 2000) (noting that § 1983 "supports a claim only when the alleged injury is caused by 'state

action' and not by a merely private actor"). In this case, the defendant is HAL. Generally, § 1983 does not apply to private parties. See Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). Nevertheless, a private party may be liable under § 1983 "when '[it] is a willful participant in joint action with the State or its agents.'" Id. (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" Id. (quoting Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999)) (alteration in original, quotation marks omitted). The Ninth Circuit has recognized four tests, the satisfaction of any one being sufficient, to identify state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Id. (quoting Sutton, 192 F.3d at 835-36) (citations and quotation marks omitted). In this case, the Union argues that state action exists under the joint action test. (See Reply at 4-7.)

Joint action "requires a substantial degree of cooperative action." Sable Commc'ns of Cal., Inc. v. Pac. Tel. & Tel. Co., 890 F.2d 184, 189 (9th Cir. 1989) (quoting Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir. 1989)) (quotation marks omitted). The court must consider whether "the state has so far

insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." Kirtley, 326 F.3d at 1093 (quoting Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995)) (quotation marks omitted). Here, the Union argues:

> HAL invoked the [System Board of Administration's] government-created authority to block [Asuncion's] reinstatement, without either HAL ensuring or the [System Board of Administration] providing the requisite due process protections that constitutionally must accompany such advocacy. Hence, HAL and [the System Board of Adjustment] combined to deprive [the Union] and Asuncion of their constitutional and statutory rights.

(Reply at 5.)

The System Board of Adjustment, however, is not a state actor. Boards of adjustment were ordered established by Congress to resolve disputes between air carriers and their employees "growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions . . . ." 45 U.S.C. § 184; Long v. Flying Tiger Line, Inc. Fixed Pension Plan for Pilots, 994 F.2d 692, 693 (9th Cir. 1993) (citation omitted); see also Intl'l Ass'n of Machinists, AFL-CIO v. Cent. Airlines, Inc., 372 U.S. 682, 694-95 (1963). The Union, itself, admits, "[T]he [System Board of Adjustment] is . . . a creature of the federal government, which by statute has relegated the parties to that forum to resolve most of their disputes." (Reply at 2.) Absent a state actor,

11

no § 1983 claim lies against a private defendant under the joint action test. Thus, the Union's due process claim does not fall within the ambit of § 1983. Because § 1983 is the basis upon which the Union's request for attorneys' fees under § 1988 is predicated, the Court RECOMMENDS that the Union's request for fees under § 1988 be DENIED.

2. RLA

The Union next contends it is entitled to an award of attorneys' fees under the RLA due to HAL's failure to comply with the Arbitrator's original decision. (See Mem. in Supp. of Mot. at 10-11.) Title 45 U.S.C. § 153 First (p) provides that a prevailing party may recover attorneys' fees in an enforcement action where an "[air] carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order . . . ." However, in this case, there is no indication that HAL did not comply with the Arbitrator's original decision. Judge Ezra, in his order, noted that HAL provided Asuncion the awarded back pay and attempted to return him to duty. (Order at 3.) HAL and Asuncion signed a Return to Duty Agreement on January 26, 2009. (Doc. # 32 Ex. C.) It was Asuncion, who, "for reasons disputed between the parties, was not or could not be fully responsive to HAL's efforts towards reinstatement . . . ." (Order at 3.) Specifically, "[his] communications with HAL were not always consistent,

and he did not obtain the security clearance that he needed to return to work at the Honolulu Airport." (Id. at 3.) Based on the foregoing, the Court concludes that the Union is not entitled to attorneys' fees pursuant to 45 U.S.C. § 153 First (p). Accordingly, the Court RECOMMENDS that the Union's request for attorneys' fees pursuant to this section be DENIED.

3. Hawaii public policy

Lastly, the Union contends it is entitled to an award of attorneys' fees as a matter of public policy under Hawaii law. (Mem. in Supp. of Mot. at 9-10.) The Union points to Hawaii Revised Statutes ("HRS") § 658A-25(c) of the Hawaii Arbitration Act, which authorizes an award of attorneys' fees to a party who prevails in certain contested judicial proceedings, and HRS § 607-14, which authorizes the same in all actions in the nature of assumpsit. (Id.) The Union, however, acknowledges that there is an issue as to whether these statutes, alone, are sufficient bases upon which to award attorneys' fees in this case as they may be subject to RLA preemption. (Id.)

Notwithstanding the issue of RLA preemption, HRS § 658A-25(c) does not apply to the instant case as the Union did not obtain a judgment "vacating [an award] without directing a rehearing . . . ." Haw. Rev. Stat. § 658A-25(c). HRS § 607-14 is equally unavailing because while this action arises out of the

13

CBA, the Union did not assert a claim in the nature of assumpsit. "Assumpsit is a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Schultz v. Honsador, Inc., 67 Haw. 433, 435, 690 P.2d 279, 281 (1984), *overruled on other grounds*, Blair v. Ing, 96 Haw. 327, 331 n.6, 31 P.3d 184, 188 n.6 (2001). "When the recovery of money damages is not the basis of a claim factually implicating a contract, the action is not 'in the nature of assumpsit.'" Leslie v. Estate of Tavares, 93 Haw. 1, 7, 994 P.2d 1047, 1053 (2000). Here, the Union did not assert a claim for the recovery of money damages. As such, HRS § 607-14 does not apply. Because neither HRS § 658A-25(c) nor HRS § 607-14 supports an award of attorneys' fees in this case, the Court RECOMMENDS that the Union's request for attorneys' fees as a matter of Hawaii public policy be DENIED.

B.  Nontaxable Costs

The Union contends it is entitled to recover its reasonable out-of-pocket expenses. (Mem. in Supp. of Mot. at 16-17.) The Union cites to Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005), which notes that "[u]nder § 1988, the prevailing party may recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." (Id. at 16

(quotation marks omitted).) However, as previously discussed, this action does not fall within one of those enumerated in § 1988. Accordingly, the Court RECOMMENDS that the Union's request for nontaxable costs pursuant to § 1988 be DENIED.

CONCLUSION

For the reasons set forth above, the Court FINDS and RECOMMENDS that the Union's Motion for Attorneys' Fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 27, 2011.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

International Association of Machinists & Aerospace Workers, District Lodge, 141 v. Hawaiian Airlines, Inc.; Civ. No. 09-00275 DAE-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE, 141'S MOTION FOR ATTORNEYS' FEES BE DENIED.